Opinion filed July 15, 2010



In The

# Eleventh Court of Appeals

_____

No. 11-08-00241-CR

_____

## DAVID RANDALL WHITE, II, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33373**

## M E M O R A N D U M   O P I N I O N

The jury convicted David Randall White, II of aggravated assault causing serious bodily injury and assessed his punishment at confinement for a term of twenty years in the Institutional Division of the Texas Department of Criminal Justice. The jury additionally imposed a fine of $2,000. Appellant challenges his conviction in three issues. We affirm.

*Background Facts*

The circumstances giving rise to this appeal began in the parking lot of a Midland bar known as "The Ranch" at closing time of "Dollar Beer Night." The alleged victims, Johnny

Quilimaco and Amador Marez, attempted to leave the bar's parking lot at 2:00 a.m. on March 21, 2007, in Quilimaco's new pickup. They encountered a white vehicle parked in their exit path with two men talking to the occupants of the white vehicle. After Quilimaco honked at the vehicle a couple of times, the two men talking to the occupants of the white vehicle approached Quilimaco's pickup. These two men were appellant and his friend, Clinton Dow Willingham. A verbal confrontation between Quilimaco, appellant, and Willingham ensued. The verbal confrontation escalated to a physical altercation when Quilimaco exited his pickup. Willingham punched Quilimaco in the eye with his fist causing Quilimaco to fall to the ground.

Quilimaco and Marez reported the altercation to an off-duty Midland police officer that was working as security at the bar. The officer told Quilimaco and Marez to go home because appellant and Willingham had left the parking lot by this time. Unfortunately, Quilimaco and Marez did not heed the officer's instruction. Quilimaco and Marez subsequently observed appellant and Willingham at a nearby Town & Country convenience store. Quilimaco and Marez returned to the bar parking lot to inform Larry Woodruff, another off-duty Midland police officer that was working as security at the bar, of the location of the men that had assaulted Quilimaco.

Woodruff subsequently pulled over a blue Chevrolet Caprice occupied by appellant and Willingham. Quilimaco and Marez followed Woodruff and stopped behind him at the location where Woodruff had pulled over appellant and Willingham. Woodruff obtained appellant's and Willingham's identification information and then permitted them to leave.[1] Woodruff then provided Quilimaco and Marez with Willingham's and appellant's identifying information.

Quilimaco and Marez continued to follow the Caprice containing appellant and Willingham after Woodruff left. The participants subsequently began colliding their vehicles into each other as they drove through a residential area. The Caprice driven by Willingham ultimately ran into a white work pickup parked on a residential street, and the pickup driven by Quilimaco struck a car parked in a driveway.

A second physical altercation ensued between the participants at this time. The participants' accounts of this subsequent altercation differ greatly. Marez testified that appellant stabbed him from behind as soon as he exited Quilimaco's pickup and that appellant chased him

---

[1]Woodruff did not arrest Willingham for misdemeanor assault because he did not observe the altercation. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01 (Vernon 2005).

2

with a knife afterwards. Quilimaco testified that appellant stabbed him while he was fighting with Willingham. White testified that he stabbed Marez and Quilimaco in self-defense after they ran toward him while he was trapped in the Caprice. Willingham testified that he fell on the ground when dodging a "kung fu kick" from Marez. Willingham further testified that he took Quilimaco to the ground with a leg sweep when he observed Quilimaco standing over him while he was on the ground. Willingham then climbed on top of Quilimaco and began punching him in the face. A neighbor that witnessed a portion of the physical altercation testified that she observed appellant kick Quilimaco in the head three times while he was lying in the street.

Quilimaco and Marez suffered life-threatening injuries as a result of the physical altercation. Quilimaco suffered a stab wound to the chest that perforated his lung. He also suffered a significant laceration to the head, a subdural hemorrhage of the brain, and a fractured eye socket. Marez suffered a stab wound to the left flank that resulted in the perforation of his peritoneal cavity and spleen.

The jury convicted appellant of committing aggravated assault causing serious bodily injury to Quilimaco. The jury additionally determined that appellant used a deadly weapon in the form of a knife and his foot when assaulting Quilimaco. The jury acquitted appellant of committing aggravated assault causing serious bodily injury to Marez.[2]

*Legal Sufficiency of the Evidence Regarding Self-Defense*

In his first issue, appellant challenges the legal sufficiency of the evidence to support his conviction. In this regard, he contends that there is legally insufficient evidence to disprove his claim of self-defense beyond a reasonable doubt. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979); *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The factfinder

---

[2]The jury found Willingham guilty of committing aggravated assault causing serious bodily injury to Quilimaco. The jury also acquitted him of committing aggravated assault causing serious bodily injury to Marez.

may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

When self-defense is an issue and the legal sufficiency of the evidence is challenged, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and also could have found against appellant on the defense issue beyond a reasonable doubt. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); *see* TEX. PENAL CODE ANN. § 2.03 (Vernon 2003); *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). With respect to a defense, the defendant bears the burden of producing some evidence that supports the particular defense. The State then bears the burden of persuasion, rather than production, to disprove that defense. This standard requires only that the State prove its case beyond a reasonable doubt. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 913-14.

The applicable provisions of the Texas Penal Code state that a person is justified in using deadly force when and to the degree he reasonably believes the deadly force is immediately necessary to protect himself against another's use or attempted use of unlawful deadly force and a reasonable person in the actor's situation would not have retreated. TEX. PENAL CODE ANN. §§ 9.31(a), 9.32(a) (Vernon Supp. 2009). Appellant argues that he feared for his life based upon an observation that he allegedly made in the bar parking lot. He contends that, immediately after the initial physical altercation between Willingham and Quilimaco, he observed Marez remove a bag from the trunk of a car. He further testified that Marez threatened Willingham and him with the bag by stating: "I've got something for your ass; I've got something for your ass. Y'all want something now? Y'all want something now?" Appellant also contends that he feared for his life when Quilimaco struck the Caprice with his pickup and when Quilimaco and Marez aggressively ran toward him and Willingham after the final collision.

Although appellant testified that he feared that Quilimaco and Marez would kill him, an accused's testimony alone will not conclusively prove self-defense as a matter of law. *See Denman v. State*, 193 S.W.3d 129, 133 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). It is the factfinder's role to evaluate the defense evidence and accept or reject it. *See Saxton*, 804 S.W.2d at 914. By finding appellant guilty, the jury implicitly rejected appellant's self-defense theory and necessarily chose not to believe appellant's testimony. *See id*.

Viewing all of the evidence in the light most favorable to the verdict, we conclude that it is legally sufficient. Quilimaco and Marez testified that appellant and Willingham were the aggressors at the scene of the wreck. With regard to appellant's testimony about the threatening gestures and comments allegedly made by Marez in the bar parking lot, Willingham did not testify that he observed these actions by Marez. Furthermore, the neighbor that observed a portion of the final altercation testified that she observed appellant kicking Quilimaco in the head three times while he was lying in the street. It is significant that the jury made an affirmative finding that appellant's foot constituted a deadly weapon during the commission of the aggravated assault causing serious bodily injury to Quilimaco. Appellant's first issue is overruled.

*Evidence of an Extraneous Offense*

Appellant contends in his second and third issues that the trial court erred in admitting, during the guilt/innocence phase of the trial, evidence of an assault that he committed against his common-law wife. During its rebuttal case, the State offered the testimony of Rijeana Julian under the authority of *Halliburton v. State*, 528 S.W.2d 216, 218 (Tex. Crim. App. 1975), to rebut appellant's claim of self-defense by showing that he was an aggressor during a previous confrontation. Appellant objected to her testimony under TEX. R. EVID. 403 and 404(b). The trial court overruled appellant's objections and allowed the State to offer the challenged evidence. Julian testified that appellant choked her and tried to hit her head on a table during an argument.

We review the trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991). This standard requires an appellate court to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Powell*, 63 S.W.3d at 438.

Evidence of other crimes, wrongs, or acts is admissible under certain conditions. TEX. R. EVID. 404(b). Although not admissible to prove that a person acted in conformity with his character, extraneous offenses may be admissible for other purposes, such as to show motive, opportunity, and absence of mistake or accident. *Id*.; *Montgomery*, 810 S.W.2d at 387. The burden is on the proponent of the evidence to satisfy the trial court that the "other crime, wrong, or act" has relevance apart from its tendency to prove the character of a person in order to show

5

that he acted in conformity therewith. *Montgomery*, 810 S.W.2d at 387. For purposes of Rule 404(b), the question is whether the extraneous offense is relevant. *See Santellan v. State*, 939 S.W.2d 155, 168-69 (Tex. Crim. App. 1997).

When the accused raises a defensive theory, such as self-defense, the State may introduce evidence of prior violent acts by the accused in order to show his intent. *See Halliburton*, 528 S.W.2d at 218; *see also Martin v. State*, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005) (evidence of extraneous offense admissible to rebut defense of consent). In this case, appellant argued extensively that the victim was the aggressor and that appellant was merely defending himself. The prior violent act presented by the State was, therefore, admissible to show appellant's intent and to rebut his theory of self-defense.

Appellant argues that the trial court abused its discretion by determining that the evidence was admissible under Rule 404(b) because of the differences between his altercation with strangers and an argument with his wife. Unlike when evidence is offered under Rule 404(b) to prove identity or a signature crime, the degree of similarity required to rebut a defensive issue is not great, and the extraneous offense need not be identical to the charged offense. *See Blackwell v. State*, 193 S.W.3d 1, 13 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Dennis v. State*, 178 S.W.3d 172, 178-79 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). In light of appellant's claim of self-defense, the trial court's decision to allow the extraneous offense evidence to rebut his defensive theory is subject to reasonable disagreement. *See Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008). Accordingly, we hold that the trial court did not abuse its discretion in allowing the evidence pursuant to Rule 404(b).

Evidence that is admissible under Rule 404(b) may still be excluded, upon proper objection under Rule 403, if the trial court determines that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or considerations of undue delay or needless presentation of cumulative evidence. *See Rodriguez v. State*, 203 S.W.3d 837, 843 (Tex. Crim. App. 2006). Evidence that appellant choked his wife is the kind of evidence that has the potential to impress a jury "in some irrational but nevertheless indelible way." *See Montgomery*, 810 S.W.2d at 390. However, a significant amount of time was not required to develop this evidence. The challenged testimony consists of approximately ten pages out of the approximately 650 pages of reporter's record from the guilt/innocence phase of the trial. The State was also permitted under *Halliburton* to offer this

evidence to rebut appellant's claim of self-defense.  We conclude that the trial court did not abuse its discretion in admitting this evidence because there is evidence to support the trial court's ruling.  Appellant's second and third issues are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


July 15, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.